FILED
SUPERIOR COURT
OF GUAM

2021 NOV 15 PM 12: 04

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0499-18 |
| | ) | GPD Report Nos.: 18-23560 |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER DENYING |
| | ) | DEFENDANT'S FIRST MOTION TO |
| KIFFY KREO aka Grieiffy Rio, | ) | COMPEL DISCOVERY |
| DOB: 08/13/1999, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## A.     INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on August 31, 2021 for hearing on Defendant Kiffy Kreo's (aka Grieiffy Rio's) ("Defendant's") Motion to Compel Discovery ("Motion"). Assistant Attorney General Christine Tenorio represents the People, and Attorney William Pole represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and DENIES Defendant's Motion.

## B.     BACKGROUND

On August 16, 2018, Defendant was arrested and charged with Charge One: Burglary (as a 2nd Degree Felony), Charge Two: Second Degree Robbery (as a 2nd Degree Felony), with Special Allegation: Vulnerable Victim, Charge Three: Aggravated Assault (as a 2nd Degree Felony), with Special Allegation: Possession of Use of a Deadly Weapon in the Commission of a Felony, Charge Four: Aggravated Assault (as a 3rd Degree Felony), with Special Allegation:

Possession or Use of a Deadly Weapon in the Commission of a Felony, Charge Five: Assault On A Peace Officer (as a 3rd Degree Felony), with Special Allegation: Possession of Use of a Deadly Weapon in the Commission of a Felony, Charge Six: Criminal Mischief (as a 3rd Degree Felony) (Two Counts), and Charge Seven: Theft (as a Misdemeanor). Indictment (Aug. 27, 2018). The Defendant is alleged to have attacked multiple motor vehicles and drivers waiting at a stop light with a metal pipe. Magistrate's Complaint (Aug. 17, 2018). Defendant also allegedly used that metal pipe to attack arresting officers. Id.

On July 29, 2021, Defendant filed his First Motion to Compel Discovery. Defendant requested disclosure of multiple pieces of evidence initially requested for on June 30, 2021 which the People have since failed to provide. Motion at 1-2 (Jul. 29, 2021). The Defendant believes the People have not completed their discovery obligations, and is specifically requesting the court order the following evidence from the People:

1. Any Security Footage, if available;
2. Mug shots of Kiffy Kreo;
3. RAP sheets of any Government Witnesses not yet provided;
4. Juvenile Records of any Witness that was charged as a Juvenile in this matter or is 19 years old or younger; and
5. Any Plea Agreements, Cooperation Agreements, or Juvenile Agreements for any co-defendants or defendants charged or not charged in this matter.

Id. at 2.

On August 3, 2021, the People filed their Response to Defendant's Motion ("People's Response"). The People addressed each of Defendant's specific requests as follows:

1. Surveillance footage was not confiscated, so although referenced in the discovery, this is not in the possession or control of the prosecution. People's Response at 2 (Aug. 3, 2021).

2. Mug shots of the Defendant and his co-defendants would be disclosed (and by now probably have been). Id. at 2.

3. The Rap sheets of any government witnesses need not be provided, but any pertinent convictions of crimes would be provided to the Defendant. The People state that the discovery statute does not provide that the People must turn over arrest records that may contain expunged charges. Id. at 2-3.

4. The People stated that the only co-defendant who was 19 at the time of charging is KR Kiosy and that they do not have any information regarding his probationary status and in order to access those, Defendant would need to subpoena the records from the Family Division. Id. at 3.

5. The People stated that they sent over the executed plea agreements for co-defendants Ronat Chutaro and KR Kiosy. The People are not aware of any cooperation agreements given to any uncharged co-actor. Id. at 3.

On August 9, 2021, Defendant filed his Reply to People's Response ("Defendant's Reply"). In his reply, Defendant further requests juvenile records of co-defendants KR Kiosy and Rodman Machuo, alleged victim Brendan-Seth Santos, and witness/victim R.S. (DOB: 09/04/2000). Defendant's Reply at 1-2 (Aug. 9, 2021). Defendant argued these records constitute impeachment evidence, and must be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). Id. at 2-5.

The Court held a hearing on August 31, 2021. During the hearing, all discovery requests in Defendant's Motion were indicated as resolved except for the requests for RAP sheets and juvenile records of all co-defendants and witnesses. Minute Entry at 2 (Aug. 31, 2021). After hearing the arguments of the parties, the Court took the remaining matters under advisement.

C. DISCUSSION[1]

1. A Defendant's Right to Discovery is Statutory; Not Constitutional.

Defendant's asserts that, "[8 GCA § 70.10(a) and (b) makes [sic] it clear that once a Defendant asks for evidence not only does the prosecutor have an obligation to make said

---

[1] Because no surveillance footage or plea agreements among the Co-Defendants are known to exist, the Court will focus only on the Defendant's requests for witness RAP sheets and juvenile records.

evidence available, but that subsection b requires the government to make sure that anyone who reports or was involved with the investigation must turn over said material," Motion at p. 4. Defendant's postulation is, however, completely dismissive or ignorant of the controlling law in Guam. As a preliminary matter, the Court notes that "[t]here is no general constitutional right to discovery in criminal case." *People v. Orallo*, 2004 Guam 5 ¶ 9 (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97. S. Ct. 837, 846 (1977). Accordingly, "the right to pre-trial discovery is strictly limited to that which is permitted by statute or court rule mandated by constitutional guarantees." Id. (*citing Cole v. State*, 835 A.2d 600, 608 (Md. 2003)).

The criminal discovery provisions set forth in 8 G.C.A § 70.10 *et seq.* strictly define the materials/information that govern the discovery obligations between the People and a criminal defendant. Section 70.10 (a)(1)-(7) specifically identify the material and information "within the prosecution's possession or control, the existence of which is known, or by the exercise of due diligence may become known" as subject to such automatic disclosure.

Discovery mandated under this rule includes:

(1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;

(2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;

(3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;

(4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;

(5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;

(6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

8 G.C.A. § 70.10(a)(1)-(7).

Section 70.10(b) extends the prosecution's obligation under subsection (a) "to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office." 8 G.C.A. § 70.10(b). The right to the disclosure of the material in Section 70.10, however, is not absolute, as Defendant contends. It is fundamental in all demands for the production of discovery in criminal cases, that a Defendant seeking such disclosure must satisfy the threshold requirement of materiality. In this regard, the Guam Supreme Court has held that Section 70.10(b), "like *Brady* itself, 'imposes a general materiality requirement upon items before disclosure.'" *People v. Mateo,* 2017 Guam 22 ¶ 14 (citing *People v. Tuncap,* 1998 Guam 13 ¶ 18).

Defendant also cites to 8 GCA § 70.15 as the catchall provision supporting his request for juvenile records and RAP sheets. Mot. p. 5. However, by the very language in the statute, Section 70.15, like 70.10, also requires "a showing of materiality to the preparation of his defense and that the request is reasonable." Further, any request for disclosure is subject to the discretion of the court. Id.

//

//

//

**2. The People need not disclose the Co-Defendant's or other government witnesses' RAP sheets because they are not mandated under 8 G.C.A. § 70.10 and Defendant did not establish how they are material to the preparation of his defense.**

8 G.C.A. § 70.10 requires prosecutors to disclose certain discoverable information to the Defendant. RAP sheets are not specifically covered under 70.10(a); however, even assuming *arguendo* that they fall within any provisions therein, which they clearly do not,[2] Defendant would still be required to establish their materiality prior to the Court compelling their disclosure. As briefly discussed, *supra, Mateo* holds that, even if RAP sheets or other material is covered under any provision of Section 70.10(a)(1)-(7), Section 70.10(b) requires a Defendant to establish that the information is material before the prosecution is required to disclose it. *Mateo* at ¶ 14 ("8 GCA § 70.10(b), like *Brady* itself, 'imposes a general materiality requirement upon items *before disclosure*'")(emphasis added)). *See also,* ¶ 15 ("Thus, under both sections 70.10 and 70.15, as well as our holding in *Tuncap*, a threshold showing of materiality must be established *before* the prosecution is obligated to turn over evidence to the defendant either automatically (under section 70.10 and *Brady*) or following a motion by the defendant (under section 70.15).").[3] A simple request for discovery, the Guam Supreme Court has held, does not, by itself, automatically make the information *material* for purposes of the statute and thus require disclosure. *Tuncap,* 1998 Guam 13 ¶ 19.

---

[2] RAP sheets are not covered under Section 70.10(a). RAP sheets do not contain only the convictions of a Defendant, but also contain arrest records, for which a defendant may not have been charged or even adjudicated. Indeed, RAP sheets differ significantly from conviction records mandated under §70.10(a)(5). Whereas conviction records establish a witness's guilt, arrest/indictment records only establish "the reception of somebody's hearsay assertion of the witness' guilt." *Com v. Ross,* 252 A.2d 661, 662 (Pa. 1969).Thus, RAP sheets fall outside the scope of 8 G.C.A. § 70.10(a) and the People need not turn them over as generally required discovery under this Section(a).

[3] The Court may order the prosecutor to disclose "any relevant material and information not covered by § 70.10" upon "a showing of materiality to the preparation of" the defendant's defense. 8 G.C.A. § 70.15(a).

This "threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant either automatically or following a motion by the defendant." *Mateo* at ¶15. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is probability sufficient to undermine confidence in the outcome." *People v. Fisher*, 2001 Guam 2 ¶13 (quoting *U.S. v. Pressur*, 844 F.2d 1275, 1281 (6th Cir. 1988)). "Mere speculation that a government file might contain *Brady* material is not sufficient" towards proving the materiality of requested discovery. *Mateo* at ¶ 17. Although *Mateo* addresses a showing of materiality as it pertains to a request of internal affairs reports, materiality is nonetheless a requirement for all material that does not fall within Section 70.10(a) and, therefore, applies here.

Defendant states that the requested RAP sheets and other material "will facilitate a fair, efficient and just disposition of the charges against the Defendant," and that such disclosure "would be neither unreasonable nor opporessive to the government." Motion at 5 (July 29, 2021). Defendant cites to case authority which seems to imply that the RAP sheets are material for their exculpatory and impeachment value. See Def.'s Reply (Aug. 9, 2021). However, the Defendant does not sufficiently present evidence of the materiality of the information or documents sought in this case and, as clearly established by controlling law, Defendant may not simply rely upon a blanket assertion that RAP sheets *in general* contain impeachment evidence required to be disclosed under *Brady*. The Guam Supreme Court in *Mateo* firmly rejects any notion, including that which is recognized in the Ninth Circuit, that eliminates a showing of materiality prior to compelling disclosure of "other" material, stating: "We agree with the trial court that the better approach is that adopted by the overwhelming majority of jurisdictions,

which requires a threshold showing of materiality to trigger a mandatory review by the prosecution, or an in camera review by the court. . .." *Mateo*, 2017 Guam 22 ¶ 17.

Moreover, the Guam Supreme Court affirms that *Brady* does not require that a Defendant be given all information in the prosecution's possession or control, particularly when the request is merely speculative. In this regard, the Court in *Mateo* instructed that *"Brady's* overriding concern [is] with the justice of finding of guilt, not with the accused's ability to prepare for trial." *Id.* (citing *Kitano,* 2011 Guam 11 ¶ 21). Thus, a Defendant cannot simply claim entitlement to RAP sheets because they *may* contain exculpatory evidence. In fact, the Guam Supreme Court prohibits such a practice because it places an undue burden upon trial courts to review RAP sheets based upon pure speculation that they contain *Brady* material. Id. ("Mere speculation that a government file may contain Brady material is not sufficient to require a remand for in camera inspection, much less reversal for a new trial. A due process standard which is satisfied by mere speculation would convert Brady into a discovery device and impose an undue burden" upon the trial courts") (quoting *United States v. Navarro,* 737 F.2d 625, 631 (7th Cir. 1984), *cert. denied,* 469 U.S. 1020 (1984)).

Because the Defendant has failed to demonstrate the materiality of the RAP sheets as required, the People need not disclose them to Defendant under Section 70.10(b) or 70.15.

3. **Even if the Defendant were entitled to the disclosure of the RAP sheets, any prior expunged arrests are not admissible at trial unless the protections of expungement are waived by the individual who benefits from the expungement.**

Guam's expungement statute provides that "the official records of the court, the Attorney General, and the police reports in connection" with a criminal prosecution "shall be expunged when the subject of the report is acquitted of the offense charged, when the

prosecuting attorney decides not to prosecute the offense, when the time for commencing the criminal action... has passed, or on approval of the Pardon Review Board." 8 G.C.A. § 11.10(a). "Expungement means the sealing of records to all persons outside of the law enforcement agencies of Guam and federal agencies thereto and a refusal by such agencies to admit the existence of such records to persons not entitled to examine them." 8 G.C.A. § 11.11. Thus, expunged charges cannot be used for impeachment purposes at trial. See *State v. Leitner*, 646 N.W.2d 341, 352 (Wis. 2002).

Notwithstanding the benefits of expungement inuring to an individual, the Supreme Court of Guam has held that "a former criminal defendant is entitled to waive the protections of expungement under 8 G.C.A. § 11.10 that was made for his or her benefit." *Allen v. Richardson*, 2018 Guam 2 ¶ 16. "A person waives his right to the protections of expungement when he places the prior prosecution at issue in subsequent or collateral litigation, and a valid waiver does not require a separate order dissolving or modifying the original expungement order." Id. at ¶16. "A waiver may be express or implied." Id. at ¶24.

The Court reiterates that the Defendant has not provided evidence in any of its moving papers that the Co-Defendant and other government witnesses have waived their protections under Guam's expungement statute. Thus, even if Defendant was entitled to the RAP sheets without first establishing materiality, any arrests contained within their RAP sheets which resulted in expunged charges are inadmissible at trial. In any event, Defendant has not established the materiality of the RAP sheets, nor event that RAP sheets exist; therefore, the Court denies the request for disclosure.

//

//

**4. The People need not disclose the Co-Defendants' or other government witnesses' juvenile records because they are not mandated under 8 G.C.A. § 70.10 and Defendant did not establish how they are material to the preparation of his defense.**

Like RAP sheets, juvenile records are not covered under 70.10(a). They are not, for example, "criminal convictions" under 70.10(a)(5). In fact, the Family Court Act specifically states that "[n]o adjudication by the [Family] court of the status of any child shall be deemed a conviction, nor shall any adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction." 19 GCA § 5114. Consequently, juvenile records are not subject to disclosure under Section 70.10, regardless of whether Defendant was able to establish materiality.

**5. Defendant is not entitled to juvenile records under 8 G.C.A. § 70.15 because Defendant failed to establish how they are material to the preparation of his defense.**

Although disclosure of the juvenile records is not required under 8 G.C.A. § 70.10, the Court may have the discretion to order their disclosure under 8 G.C.A. § 70.15 upon a showing of good cause and materiality to the preparation of the defendant's defense. However, such discretion is tempered by the confidential nature of juvenile records. See 19 GCA § 5122; 19 GCA § 13210. As a threshold matter, however, the Court need not rule on the question of whether disclosure is prohibited or limited under the Family Court Act or other provisions aimed at protecting the confidential nature of juvenile proceedings because the Defendant has failed to demonstrate the materiality of juvenile records. As with RAP sheets, and as discussed above, it is insufficient for Defendant to advance this request based upon an unsubstantiated blanket statement that these records are material to his defense.

Defendant attempts to rely upon the case of *Davis v. Alaska*, 415 U.S. 308 (1974), in support of his motion to compel the disclosure of juvenile records. However, that case is distinguishable from the case at bar. While the Supreme Court held in *Davis v. Alaska* that juvenile records can be admitted for impeachment purposes, the defendant in that case had already demonstrated the record's material value. *Davis v. Alaska*, 415 U.S. 308, 320 (1974). In that case, the defendant sought to introduce juvenile records showing the witness's active probation status, to allege that fear of revocation of probation influenced the witness's testimony. Id. at 311. There is no such articulation here. Defendant is simply speculating that the juvenile records of the Co-Defendant and any witnesses contain material value, but he's unable to articulate what that value is. Thus, the Court shall not compel the disclosure of the juvenile records under 8 G.C.A. § 70.15.

**6. The Court will not allow Defendant to inspect the government witnesses' juvenile records because Defendant has failed to demonstrate a legitimate interest behind his request or establish their sufficient materiality to his defense.**

Defendant attempts to review the juvenile records of the Co-Defendant and any other government witnesses by invoking the provisions of the Family Court Act, which provides that all juvenile court records "shall be opened to inspection only as provided by § 5123 or by order of the judge to persons having a legitimate interest therein." 19 G.C.A. § 5122. Otherwise, these records "shall be privileged and shall not be disclosed directly, or indirectly to anyone other than the judge or others entitled under this chapter to receive such information, except as provided by § 5123." Id. Although Section 5123 appears to allow the open inspection of juvenile records, this provision is tempered by sections 5122 and 5124 (the sealing and destruction of records) and must be read in conjunction with the provisions of the Family Court

Act, within which this section is contained. The Family Court Act is replete with provisions which encourage the adjudication of juveniles within the Family Court when a charged minor would greatly benefit from being adjudicated in Family Court. See 19 GCA § 5106, 2015 Note.

As set forth herein, the Defendant has failed to establish a legitimate interest behind his request for the juvenile records. Moreover, Defendant has not identified, with particularity any witnesses whose juvenile record, if any, is available for disclosure or *in camera* inspection by the Court. Moreover, Defendant has not established that any such records have not already been sealed, destroyed or subject to limited disclosure to the juvenile, the court, or to law enforcement agencies in the performance of their duties. 19 GCA § 5124. As such, the Court denies Defendant's motion to compel, by subpoena or order, the disclosure of such records.

### 7. The People have an ongoing obligation to turn over any exculpatory material under 8 G.C.A. § 70.10(a)(7) and Brady.

The People acknowledge throughout the proceedings that it has an ongoing obligation to turn over any exculpatory information under 8 G.C.A. § 70.10(a)(7) and *Brady*. The Guam Supreme Court has held "impeachment evidence relating to government witnesses" constitutes potential Brady material. *Fisher*, 2001 Guam 2 ¶ 12. The People have represented during the hearing of this matter that the requested RAP sheets, if any, do not contain any exculpatory information that is subject to disclosure under either 8 G.C.A. § 70.10 or *Brady*, and that if any such material existed, they acknowledge their duty to provide it to Defendant. Failure to comply with these fundamental discovery mandates could result in the severe sanctions, not the least of which include sanctions for violations of their duty of candor to the court, compliance with ethics rules, and, ultimately, a reversal of any conviction which might be had at trial.

## D. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion To Compel. Notwithstanding the Court's Decision and Order herein, the People are reminded of its continuing obligation to comply with their discovery obligations under 8 G.C.A. § 70.10 and *Brady.*

IT IS SO ORDERED this _____NOV 1 5 2021_____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG; W. Pole_

Date: 11/15/21 Time: 12:20

Deputy Clerk, Superior Court of Guam